**CONNELL FOLEY LLP**
Samantha M. Diorio, Esq.
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 840-2498
sdiorio@connellfoley.com
*Attorneys for Defendant Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| USMAN BILAWAL,<br><br>                    Plaintiff,<br><br>   -against-<br><br>DELTA AIR LINES, INC. HAARIS A. HARUNA, PAPA DIAW, JOHN DOE #1, JOHN AND JANE DOES 1-10 (fictitious individuals to be identified), ABC CORPS 1-10 (fictious corporation to be identified),<br><br>                    Defendants. | Docket No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY:**

Defendant, Delta Air Lines, Inc. (hereinafter "Delta"), seeks the removal of this action from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey, and respectfully shows this Honorable Court:

**FIRST:** Delta is a defendant in a civil action brought against it in the Superior Court of New Jersey, Law Division, Union County; entitled:

*[Remainder of Page Intentionally Left Blank]*

6569993-1

-2-

| | |
|---|---|
| USMAN BILAWAL,<br><br>                          Plaintiff,<br><br>   -against-<br><br>DELTA AIR LINES, INC. HAARIS A. HARUNA, PAPA DIAW, JOHN DOE #1, JOHN AND JANE DOES 1-10 (fictitious individuals to be identified), ABC CORPS 1-10 (fictious corporation to be identified),<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – UNION COUNTY<br><br>Docket No.: UNN-L-3205-24 |

**SECOND:** A copy of the Complaint and Jury Demand in this action, which constitute all process, pleadings, and orders served upon Delta is annexed hereto as **Exhibit "A"**. The Complaint was filed on September 4, 2024, making this removal timely.

**THIRD:** An Affidavit of Service as to Defendants Haaris A. Haruna and/or Papa Diaw have not been provided or filed by Plaintiff's counsel. Neither Defendant has entered an appearance in this matter. Therefore, there is no evidence that either Defendant have been properly served. Upon information and belief, both Defendants are residents of the State of New York.

**FOURTH**: Under the plain language of 28 U.S.C. § 1146(b)(2)(A), only defendants who "have been properly joined and served" must consent to or join in a removal. The Third Circuit has acknowledged that the consent/joinder requirement is inapplicable where the missing defendants have "not been served at the time the removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in were not served in the state proceeding." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). Here, there is no evidence that Defendants Diaw or Haruna have been properly served at the time these papers were filed.

6569993-1

**FIFTH:** The United States District Court for the District of New Jersey is, by law, given jurisdiction over this suit.

**SIXTH:** Plaintiff claims negligence, negligent infliction of emotional distress, breach of contract, and breach of the implied covenant of good faith and fair dealing in connection with a physical altercation with Defendants Diaw and Haruna at Newark Liberty International Airport on September 6, 2022 during the deplaning process.

**SEVENTH:** On September 6, 2022, Plaintiff flew from Cartagena, Colombia (CTG) to Bogotá, Colombia (BOG) to Atlanta, Georgia (ATL) to Newark, New Jersey (EWR) on the following Delta international flights:

```
DL   6155   B   06 SEP 2022   CTG   BOG   DK/DK   01   4:58 AM   6:23 AM   RD
DL    980   B   06 SEP 2022   BOG   ATL   DK/DK   01   9:00 AM   2:54 PM   RD
DL   1443   B   06 SEP 2022   ATL   EWR   DK/DK   01   6:10 PM   8:26 PM   RD
```

**EIGHTH:** Delta is now, and was at the time the state action was commenced, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Georgia. According to the Complaint, Plaintiff is an individual residing in the State of New Jersey. The Complaint also alleges that Defendants Diaw and Haruna are individuals residing in the State of New York.

**NINTH:** According to the Complaint, Plaintiff alleges that this incident caused him to suffer "severe injuries including, but not limited to, a severe tear to his lower lip requiring approximately 25 stitches, a concussion, and numerous bruises to his head, arms, body and legs." *See* Exhibit A at ¶ 33. Plaintiff also alleges that this incident caused him to suffer "ongoing psychological and mental distress", including "anxiety and paranoia." *Id.* at ¶ 34. Plaintiff asserts that he was unable to work for "at least two months" and incurred various medical expenses. *Id.*

at ¶ 36-37. Due to the nature of these claims and the punitive damages sought, Plaintiff's allegations place an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

**TENTH**: In addition, during pre-suit discussions with Plaintiff's counsel, a settlement demand was made that well exceeded the $75,0000.00 threshold. It is Delta's position that the Court may consider a plaintiff's settlement demand when assessing the amount in controversy. *See* Mitchell v. W. Union, No. 06-949, 2007 U.S. Dist. LEXIS 92621, 2007 WL 4440885, at *3 n.2 (D.N.J. Dec. 11, 2007) (finding the amount in controversy to be satisfied where a plaintiff's settlement demand "was well in excess of $75,000."); *see also* Stockton v. TD Bank Grp., No. 13-2524, 2013 U.S. Dist. LEXIS 138534, at *6 (D.N.J. Sept 9, 2013) (noting that, "[c]ontrary to [p]laintiff's suggestion, settlement demands are also appropriately considered in determining the amount in controversy").

**ELEVENTH:** Based upon the foregoing, this Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that complete diversity of citizenship exists between the Plaintiff and Defendants, and the Plaintiff's allegations place an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

**TWELFTH:** In the alternative, Delta is an air carrier subject to federal statutory law with respect to its operations in accordance with U.S.C. Title 49 and given the fact that Plaintiff's claims arise from the international transportation of a passenger, the Montreal Convention of 1999 (Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 reprinted in S. Treaty Doc. 106-45), applies to this action. As such, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution, laws, or treaties of the United States.

-5-

**THIRTEENTH:** Delta will provide written notice of the filing of this Notice, as required by 28 U.S.C. §1446(d). A copy of this Notice will be filed with the Clerk of the Superior Court of New Jersey, Union County, as required by 28 U.S.C. §1446(d).

**WHEREFORE**, the defendant, Delta Air Lines, Inc., prays that the above action now pending against it in the Superior Court of New Jersey, Union County, be removed from there to this Court.

Dated:  Roseland, New Jersey
October 3, 2024

**CONNELL FOLEY LLP**

*[signature]*

**SAMANTHA M. DIORIO**
*Attorneys for Defendant*
**DELTA AIR LINES, INC.**
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 840-2498

**TO:**

Pasquale Marago, Esq.
**LAW OFFICES OF PASQUALE MARAGO**
*Attorneys for Plaintiff*
**USMAN BILAWAL**
25 E. Somerset Street
Raritan, New Jersey 08869
(973) 986-7003
pm@allnjlaw.com

-6-

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this Notice of Removal has been served via PACER, upon Clerk, United States District Court, District of New Jersey, MLK Federal Building and Courthouse, 50 Walnut Street, Newark, New Jersey 07101; and via eCourts upon Clerk, Superior Court of New Jersey, Union County, 2 Broad Street, Elizabeth, New Jersey 07207; and via e-mail and U.S.P.S. to Pasquale Marago, Esq., counsel for Plaintiff.

Dated: October 3, 2024

*Samantha Diorio*
**SAMANTHA M. DIORIO**