Pasquale Marago, Esq. – ID 036382009
**LAW OFFICES OF PASQUALE MARAGO**
25 E. Somerset Street
Raritan, New Jersey 08869
973-986-7003 Office
EMAIL: pm@allnjlaw.com

*Attorneys for Plaintiff*

| | |
|---|---|
| USMAN BILAWAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., HAARIS A. HARUNA, PAPA DIAW, JOHN DOE #1, JOHN AND JANE DOES 1-10 (fictitious individuals to be identified), ABC CORPS 1-10 (fictitious corporation to be identified).<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - UNION COUNTY<br>DOCKET NO.: UNN-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Usman Bilawal ("Plaintiff" or "Bilawal"), by way of Complaint against Defendants Delta Air Lines, Inc. ("Delta"), Haaris A. Haruna ("Haruna"), Papa Diaw ("Diaw" and collectively "Defendants"), states as follows:

**PARTIES**

1.　　Plaintiff is an individual residing in the State of New Jersey with an address of 946 Worth Avenue, Linden, New Jersey 07036.

2.　　Delta is a corporation that has operations out of the Newark International Airport located, in part, in Union County, New Jersey with the corporate mailing address of 1030 Delta Boulevard, Hapeville, Georgia.

3.　　Haaris Haruna ("Haruna") is an individual residing in the State of New York with an address of 1555 Fulton Avenue, Apartment 2, Bronx, New York, 10457.

1

4. Papa Diaw is an individual residing in the State of New York with an address of 1555 Fulton Avenue, Apartment 5C, Bronx, New York, 10457 ("Diaw").

5. John Doe #1 is an individual who, along with Haruna and Diaw, assaulted Plaintiff. Plaintiff is not presently aware of John Doe #1's identity.

## VENUE & JURISDICTION

6. Venue in Union County is appropriate because Plaintiff Bilawal resides in Union County.

7. Venue is further appropriate in Union County because Newark International Airport, at which Delta operates a terminal, is located in Union County and the incident in question occurred at Newark International Airport.

8. This Court has jurisdiction over Delta because Bilawal was a passenger on a flight with Delta that arrived at Newark International Airport.

## FACTS COMMON TO COUNTS ASSERTED AGAINST DEFENDANTS

9. On September 6, 2022, Bilawal was a passenger on Delta Flight #1443 from Atlanta, Georgia to Newark International Airport.

10. After the aircraft landed and during taxi, Diaw got out of his seat and walked into the bathroom.

11. A Delta flight attendant directed Diaw to return to his seat until the aircraft was parked and advised that the aircraft would not park until all passengers were seated.

12. Diaw exited the bathroom and, apparently taking issue with the flight attendant's direction to be seated, approached her threateningly instead of taking his seat.

13. Therefore, other passengers implored Diaw to sit down.

14. Diaw yelled profanities at these passengers before he finally sat down.

15. At this time the flight attendant called the captain to ask him to call the police to meet at the gate.

16. Since police did not show up at the gate, it is believed that the captain did not call the police as implored by the flight attendant.

17. Additionally, Delta did not take action to ensure police arrived at the gate before allowing Diaw and Haruna to exit the plane.

18. Diaw's seat was located at 21B, which was in the vicinity of Haruna who was seated in 19E. Bilawal was seated nearby in 23E.

19. Bilawal detected that an altercation was occurring, took off his headphones and looked around to ascertain the source of the dispute.

20. Diaw and Haruna apparently noticed Bilawal looking at them and started yelling obscenities and threatening Bilawal.

21. Diaw and Haruna stated to Plaintiff that "when you get off the plane, we will fuck you up" and "we will catch you outside."

22. Another passenger heard Diaw and Haruna say how they would "handle it without words" when they deplaned.

23. As Bilawal exited the plane, he told members of Delta's crew that he was being threatened by Diaw and Haruna.

24. Delta took no action in response to Bilawal's concerns.

25. Delta took no action to ensure that Bilawal could safely depart the aircraft and airport.

26. Bilawal exited the plane and at the gate he was hit in the back of the head by John Doe #1, causing him to collapse forward.

27. Diaw, Haruna, and John Doe #1 (collectively the "Assailants") then attacked Bilawal while he was on the ground by kicking, punching, and hitting him with a nearby metal stanchion. The Assailants also threw a blue suitcase at him.

28. While Bilawal was being attacked, nearby terminal officers and Delta employees took no action to stop the attack or help him.

29. The Assailants took Bilawal's cell phone and ran away after beating him.

30. Bilawal pursued the Assailants to attempt to retrieve his cell phone.

31. The Assailants then attacked Bilawal a second time in the food court area of Newark International Airport, again beating Bilawal in a similar manner as they did at the gate.

32. The Assailants fled a third time before the Port Authority police apprehended Haruna and Diaw outside the Airport, although John Doe #1 managed to allude the police and has not yet been identified.

33. As a result of the attacks, Bilawal suffered severe injuries including, but not limited to, a severe tear to his lower lip requiring approximately 25 stitches, a concussion, and numerous bruises to his head, arms, body and legs.

34. Bilawal continues to suffer ongoing psychological and mental distress as a result of the assault, including suffering from anxiety and paranoia.

35. Despite his best efforts, Bilawal was unable to work for at least two months after the assault due to his significant physical and psychological injuries.

36. As a result of the attack, Bilawal fears having people sit or stand behind him which negatively impacts his work as a driver for Uber.

37. Bilawal continues to receive ongoing treatment for paranoia and anxiety as a result of the assault, including taking prescription medication regularly.

## COUNT ONE
### (Negligence Against Delta)

38. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

39. Delta owed Bilawal a duty of care to ensure that Bilawal could safely utilize its services and premises.

40. Delta breached its duty to Bilawal by disregarding Diaw and Haruna's threats directed at Bilawal even though Delta employees were informed of the threats.

41. Indeed, Delta was aware of Diaw and Haruna's threats and threatening behavior directly prior to the assault.

42. It was foreseeable that the Assailants would attack Bilawal, but Delta took no action to prevent such an attack.

43. Delta breached its duty to Bilawal by taking no action to interrupt the assault or protect Bilawal while he was being assaulted.

44. Bilawal suffered severe physical and psychological injuries as a direct and proximate result of the Delta's negligence.

**WHEREFORE,** Plaintiff Bilawal demands judgment against Delta:

a) Awarding the following damages in amount to be determined at trial:

   a. Actual damages;

   b. Punitive damages;

   c. Interest;

   d. Costs of suit;

   e. Attorneys' fees; and

b) For such other and further relief the Court deems just and proper.

## COUNT TWO
### (Negligent Infliction of Emotional Distress Against Delta)

45. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

46. Delta owed Bilawal a duty not to engage in a course of conduct which would place Bilawal at a foreseeable risk of emotional harm.

47. The directions given by Delta's employees incited the Assailants.

48. Delta did not subdue, restrain, or alert the police about the Assailants after the altercation on the plane.

49. After being incited by the direction of Delta's employees, the Assailants directed their aggression at Bilawal.

50. Delta's employees were made aware that Diaw and Haruna threatened Bilawal when he informed the Delta crew of the threats.

51. Bilawal was attacked by Assailants as soon as he left the plane.

52. Bilawal has suffered severe emotional distress as a direct result of the Assailants attacking him causing him to suffer conditions including, but not limited to, anxiety and paranoia.

53. Accordingly, Delta's failure to ensure Bilawal's safety has directly resulted in him suffering severe emotional distress.

**WHEREFORE,** Plaintiff Bilawal demands judgment against Delta:

a) Awarding the following damages in amount to be determined at trial:

    a. Actual damages;

    b. Punitive damages;

    c. Interest;

    d. Costs of suit;

  e. Attorneys' fees; and

b) For such other and further relief the Court deems just and proper.

## COUNT THREE
### (Breach Of Contract Against Delta)

54. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

55. Bilawal purchased a ticket from Delta to transport him safely from Atlanta, Georgia to Newark International Airport.

56. The ticket created a contract between Bilawal and Delta.

57. As a result of directions given by Delta's employees inciting the Assailants and Delta's subsequent failure to take action to protect passengers from the Assailants, Bilawal was attacked by the Assailants.

58. Bilawal suffered severe physical and psychological injuries as a result of the Assailant's attack.

59. Delta breached the contract by failing to ensure Bilawal's safety during his flight from Atlanta, Georgia to Newark, New Jersey.

60. Bilawal suffered monetary loss, including, but not limited to, medical bills, loss of income due to his inability to work, and pharmaceutical bills resulting from his injuries from the Assailant's attack.

**WHEREFORE**, Plaintiff Bilawal demands judgment against Delta as follows:

a) Awarding the following damages in amount to be determined at trial:

  a. Actual damages;

  b. Punitive damages;

  c. Interest;

  d. Costs of suit;

  e. Attorneys' fees; and

b) For such other and further relief the Court deems just and proper.

## COUNT FOUR
### (Breach of The Implied Covenant of Good Faith And Fair Dealing Against Delta)

61. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

62. Bilawal purchased a ticket from Delta to transport him safely from Atlanta, Georgia to Newark, New Jersey.

63. The ticket created a contract between Bilawal and Delta.

64. Bilawal fulfilled his obligation under the contract by paying for the ticket, arriving. and boarding the aircraft as scheduled.

65. Delta unfairly interfered with Bilawal's right to receive the benefit if the contract – safe transportation from Atlanta, Georgia to the Newark International Airport without harm.

66. Specifically, Delta unfairly interfered with Bilawal's right to receive the benefit of the contract by inciting the Assailants and failing to ensure Bilawal's safety when made aware that Assailants planned to harm Bilawal.

67. Bilawal suffered monetary loss, including, but not limited to, medical bills, loss of income due to his inability to work, and pharmaceutical bills resulting from his injuries from the Assailant's attack.

**WHEREFORE**, Plaintiff Bilawal demands judgment against Delta as follows:

a) Awarding the following damages in amount to be determined at trial:

  a. Actual damages;

  b. Punitive damages;

    c. Interest;

    d. Costs of suit;

    e. Attorneys' fees; and

b) For such other and further relief the Court deems just and proper.

## COUNT FIVE
**(Assault Against Diaw and Haruna)**

68. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

69. Diaw and Haruna threatened Bilawal causing him imminent fear that he would suffer an assault.

70. Diaw and Haruna intended to harm Bilawal when they struck Bilawal repeatedly including, but not limited to, kicking, punching, hitting Bilawal with a metal stanchion and throwing objects at Bilawal.

71. Diaw and Haruna caused apprehension of harmful contact on the part of Bilawal when he was struck in the manner previously described.

72. Diaw and Haruna were individuals that struck Bilawal.

**WHEREFORE**, Plaintiff Bilawal demands judgment against Diaw and Haruna as follows:

a. Awarding the following damages in amount to be determined at trial:

    a. Actual damages;

    b. Punitive damages;

    c. Interest;

    d. Costs of suit;

    e. Attorneys' fees; and

b. For such other and further relief the Court deems just and proper.

## COUNT SIX
### (Battery Against Diaw, Harun, and John Doe #1)

73. Bilawal repeats and re-alleges every allegation set forth in the previous sections, as if set forth at length herein.

74. Assailants struck Bilawal repeatedly including, but not limited to, kicking, punching, hitting Bilawal with a metal stanchion and throwing objects at Bilawal.

75. Assailants intended to cause harmful contact to Bilawal by striking him in the manner previously described.

76. Bilawal suffered severe and numerous physical injuries including, but not limited to, a lacerated lip and severe bruising.

77. Bilawal suffered psychological injuries including, but not limited to, paranoia and anxiety as a direct result from Assailants' harmful contact.

**WHEREFORE**, Plaintiff Bilawal demands judgment against Diaw, Haruna, and John Doe #1 as follows:

    a. Awarding the following damages in amount to be determined at trial:

        a. Actual damages;

        b. Punitive damages;

        c. Interest;

        d. Costs of suit;

        e. Attorneys' fees; and

    b. For such other and further relief the Court deems just and proper.

Dated: Raritan, New Jersey  
September 4, 2024

**LAW OFFICES OF PASQUALE MARGO**

By: *[signature]*  
Pasquale Marago, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, notice is hereby given that Pasquale Marago, Esq. is designated as trial counsel in this matter.

Dated: Raritan, New Jersey  
September 4, 2024

**LAW OFFICES OF PASQUALE MARAGO**

By: *[signature]*  
Pasquale Marago, Esq.

## CERTIFICATION OF RULE 1:38-7(c)

Pursuant to Rule 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: Raritan, New Jersey  
September 4, 2024

**LAW OFFICES OF PASQUALE MARAGO**

By: *[signature]*  
Pasquale Marago, Esq.

## **CERTIFICATION**

Pursuant to Rule 4:5-1, I certify that to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

Dated: Raritan, New Jersey         **LAW OFFICES OF PASQUALE MARAGO**
September 4, 2024

By: *[signature]*
Pasquale Marago, Esq.

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-003205-24

**Case Caption:** BILAWAL USMAN VS DELTA AIRLINES, INC.
**Case Initiation Date:** 09/04/2024
**Attorney Name:** PASQUALE MARAGO
**Firm Name:** PASQUALE MARAGO
**Address:** 25 E. SOMERSET ST
RARITAN NJ 08869
**Phone:** 9083008693
**Name of Party:** PLAINTIFF : Bilawal, Usman
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Usman Bilawal?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/04/2024                                                                                                          /s/ PASQUALE MARAGO
Dated                                                                                                                                    Signed